**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DRAPER FRANK WOODYARD, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-25-MHT-CWB** |
| | ) | |
| **MARY B. WINDOM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, acting as a *pro se* inmate, filed this action under 42 U.S.C. § 1983 (*see* Doc. 1) and was granted leave to proceed *in forma pauperis* (*see* Docs. 3, 5, & 7).  However, it is now the **RECOMMENDATION** of the Magistrate Judge that the Order granting *in forma pauperis* status be vacated and that this action be dismissed without prejudice.

The Prison Litigation Reform Act imposes specific restrictions on civil rights lawsuits filed by inmates.  One key restriction is known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The purpose of this provision is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'") (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).

1

If a prisoner has three or more qualifying dismissals, or "strikes," and fails to pay the applicable filing fee at the time a new complaint is filed, the court must dismiss the case without prejudice. *See id*. A three-striker cannot cure by paying the filing fee belatedly:

> [T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit.

*Id*. at 1236; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff previously has accumulated well more than the allowable number of strikes.[1] *See, e.g., Woodyard v. South Baldwin Hosp., et al.*, No. 1:25-cv-308-JB-MU (S.D. Ala. 2025) (dismissed in September 2025 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)), *Woodyard v. King, et al.*, No. 1:22-cv-183-TFM-MU (S.D. Ala. 2022) (dismissed in October 2022 as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)), and *Woodyard v. McClain, et al.*, No. 1:21-cv-336-TFM-MU (S.D. Ala. 2021) (dismissed in October 2022 as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)).[2] Plaintiff therefore cannot proceed *in forma pauperis* unless he can demonstrate that he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'" *Daker*, 999 F.3d at 1310-11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)). But allegations of past harm do not satisfy the requirement. *Id*.; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is … insufficient."). Nor do generalized assertions lacking specific factual allegations that demonstrate serious physical

---

[1] "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) (citation and internal quotations marks omitted). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[2] This list of strikes is not exhaustive.

injury is imminent. *Id*.; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions … are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)).

In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers a complaint in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350). But the Complaint here does not contain any allegations whatsoever of imminent physical injury. Accordingly, the Magistrate Judge hereby **RECOMMENDS** that the Order granting Plaintiff *in forma pauperis* status (Doc. 7) be vacated and that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

It is **ORDERED** that all objections to this Recommendation must be filed no later than **May 14, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 30th day of April 2026.

_____

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**